IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Brian Leonard,** | Case No. 1:21cv1217 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Ohio Civil Rights Commission,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

### Background

*Pro se* plaintiff Brian Leonard has filed a complaint in this matter against the Ohio Civil Rights Commission ("OCRC") and two of its employees, Kathy O'Dell and Eddie Marcus. (Doc. No. 1.) He alleges that a security guard at Tower City discriminated against him on the basis of his race by telling him he had to leave Tower City, even though he was properly there to buy a lottery ticket. (*Id*. at 3.) He contends the guard was "told to keep people of color out [of Tower City] as much as possible." (*Id*. at 5.) And he alleges that OCRC employees Marcus and O'Dell wrongly "dismissed" complaints of discrimination and retaliation he made with the OCRC and did not follow the requirements of Ohio Rev. Code § 4112.04(11)(a). (*Id*. at 5.)

Stating that he is asserting a claim for "violation of 42 U.S.C. § 2000a," Title II of the Civil Rights Act of 1964, he seeks monetary relief ($250,000.00). (*Id*. at 5.)

With his complaint, the plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted.

### Standard of Review and Discussion

Because plaintiff is proceeding *in forma pauperis*, his complaint is now before the Court for initial screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard set forth in *Twombly*, 550 U.S. 544 and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs in determining whether a complaint states a claim under § 1915(e)(2)(B)). To avoid a dismissal, the complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Upon review, the Court finds that plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B). Even liberally construed, it fails to allege a plausible federal claim upon which he may be granted relief.

First, the federal statute under which plaintiff seeks relief prohibits public accommodations from discriminating on the basis of race, color, religion, or national origin. The statute provides: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section,

2

without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a. Plaintiff, however, does not allege facts suggesting that the OCRC or its employees engaged in conduct made unlawful by the statute. That is, plaintiff does not allege that any of the defendants discriminatorily denied him access to a public accommodation, or were otherwise involved in such unlawful discrimination. Rather, he contends the defendants here wrongly dismissed complaints of discrimination and retaliation he made with the OCRC. This alleged conduct is not covered by § 2000a.

Second, the OCRC is a state agency and is immune from suit in federal court under the Eleventh Amendment in any case, as are its employees acting in their official capacities. *See e.g., Walker v. Cognis Oleo Chemical*, LLC, No. 1: 07 CV 289, 2008 WL 2705190, at *3 (S.D. Ohio July 9, 2008) (finding a plaintiff's suit against the OCRC and its employees barred by the Eleventh Amendment); *Gates v. Ohio University*, No. 2: 08 CV 27, 2008 WL 3166325, at *2 (S.D. Ohio Aug. 4, 2008) ("the OCRC is an arm of the state entitled to immunity under the Eleventh Amendment").

Third, the only relief plaintiff seeks in his complaint is monetary damages. That relief is not available under § 2000a, which is limited to suits for injunctive and declaratory relief. *See* 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enters, Inc.*, 390 U.S. 400, 402 (1968) (stating that "[w]hen a plaintiff brings an action under [Title II of the Civil Rights Act of 1964], he cannot recover damages"); *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 241 (6th Cir. 1990) (finding that "Title II only permits the issuance of an injunction and declaratory relief"); *Paschal v. Doctors Assocs.*, No. 4:17cv1635, 2017 WL 4155768, at *4, n. 5 (N.D. Ohio Sept. 19, 2017) ("plaintiff cannot recover the relief he requests because money damages are not available under Title II").

3

For all of the foregoing reasons, plaintiff's complaint fails to state a plausible federal claim upon which he may be granted relief.

To the extent plaintiff also purports to allege a claim under Ohio Revised Code § 4112.04, the Court declines to exercise supplemental jurisdiction over such claim. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Having dismissed plaintiff's federal claim on initial review, the Court declines to exercise supplemental jurisdiction over any state law claim he may also be asserting, which is better resolved by the Ohio courts.

## Conclusion

Accordingly, plaintiff's complaint in this matter is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and this dismissal is without prejudice to any state law claim plaintiff may properly assert in state court on the alleged facts. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

  s/*Pamela A. Barker*
PAMELA A. BARKER
Date: September 17, 2021    U. S. DISTRICT JUDGE